838 F.2d 465
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank ARMENTROUT, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, and
Carbon Fuel Company, Respondents.
 No. 85-1119.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 5, 1987.
Decided April 28, 1987.
 
 John Preston Bailey (Cheryl Dean Riley; Bailey, Byrum & Vieweg, on brief), for petitioner.
 Laura E. Beverage (Jackson, Kelly, Holt & O'Farrell, on brief), for respondent.
 Before JAMES DICKSON PHILLIPS, ERVIN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner Frank Armentrout seeks review of an order of the Benefits Review Board ("BRB") affirming the decision of an Administrative Law Judge ("ALJ"), which denied black lung disability benefits to Armentrout. For the reasons discussed below, we reverse the denial of benefits and remand this case to the Secretary of Labor for further proceedings consistent with this opinion.
 
 
 2
 In the proceedings below, the ALJ invoked the interim presumption of total disability due to pneumoconiosis pursuant to 20 C.F.R. Sec. 727.203(a) (1986). On appeal, the respondents concede that the interim presumption was correctly invoked. Thus, the only issue presented for our review is whether the ALJ and the BRB correctly determined that the interim presumption had been rebutted pursuant to 20 C.F.R. Sec. 727.203(b) (1986).
 
 
 3
 Our reading of the ALJ's opinion indicates that the ALJ found that rebuttal of the interim presumption had been accomplished under 20 C.F.R. Sec. 727.203(b)(3). Under Sec. 727.203(b)(3), the interim presumption of total disability due to pneumoconiosis is rebutted if "[t]he evidence establishes that the total disability ... of the miner did not arise in whole or in part out of coal mine employment...." Relying on Jones v. New River Co., 3 Black Lung Rep. 1-199, 1-209 (1981), the ALJ stated:
 
 
 4
 Rebuttal [under Sec. 727.203(b)(3) ] is sufficient if it established that total disability did not arise out of coal mine employment. In effect, the Board has declared that rebuttal is accomplished if an employer shows the pneumoconiosis from which a miner suffers, be it true or presumed, is not in and of itself totally disabling.
 
 
 5
 In determining that Armentrout was not entitled to benefits, the ALJ stated that he was unable to "conclude that [Armentrout] was totally disabled from a respiratory or pulmonary standpoint at the time he terminated his employment...."
 
 
 6
 After the ALJ's denial of benefits in this case, we rendered our decision in Bethlehem Mines Corp. v. Massey, 736 F.2d 120 (4th Cir.1984). In Massey, we specifically rejected the BRB's holding in Jones v. New River Co. that the interim presumption of total disability due to pneumoconiosis is rebutted under Sec. 727.203(b)(3) if the pneumoconiosis from which a miner suffers is not in and of itself totally disabling. We stated:
 
 
 7
 Pneumoconiosis contracted during coal mine employment must be a causative factor in the miner's total disability, but it need not be the exclusive causative factor rendering the claimant totally disabled in order to be compensable under the Black Lung Act.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 [T]he employer must rule out the causal relationship between the miner's total disability and his coal mine employment in order to rebut the interim presumption [under 20 C.F.R. Sec. 727.203(b)(3) ].
 
 
 11
 Massey, 726 F.2d at 123 (emphasis in original).
 
 
 12
 Our decision in Massey makes clear that the ALJ in this case incorrectly apprehended the requirements for rebuttal under Sec. 727.203(b)(3). The BRB reviewed the ALJ's denial of benefits for Armentrout approximately six months after Massey was decided. The BRB was of the opinion that the ALJ had found rebuttal of the interim presumption under both 20 C.F.R. Sec. 727.203(b)(2) and (b)(3). Under Sec. 727.203(b)(2), the interim presumption of total disability due to pneumoconiosis is rebutted if "it is established that the [claimant] can do his usual coal mine work or comparable and gainful work...." The BRB affirmed the ALJ's denial of benefits on the ground that the ALJ had properly found rebuttal under Sec. 727.203(b)(2), but did not address the issue of rebuttal under Sec. 727.203(b)(3).
 
 
 13
 We question the BRB's conclusion that the ALJ found rebuttal of the interim presumption under Sec. 727.203(b)(2). The ALJ never specifically mentioned this section of the regulations, and he made no finding as to whether Armentrout could do his usual coal mine work or comparable and gainful work. If, in fact, the ALJ did not find rebuttal under Sec. 727.203(b)(2), then the BRB was without authority to affirm the denial of benefits on this basis. See 20 C.F.R. Sec. 802.301 (1986) ("The Benefits Review Board is not empowered to engage in a de novo proceeding or unrestricted review of a case brought before it. The Board is authorized to review the findings of fact and conclusions of law on which the decision or order appealed from was based.").
 
 
 14
 We are mindful that "[t]he Black Lung Benefits Act is remedial and should be liberally construed so that all doubts are resolved in favor of the disabled miner." Orange v. Island Creek Coal Co., 786 F.2d 724, 727 (6th Cir.1986). In our view, it is doubtful whether the ALJ in this case found rebuttal of the interim presumption under Sec. 727.203(b)(2), and thus questionable whether the BRB properly affirmed the denial of benefits on this ground. Because such doubts must be resolved in favor of Armentrout, we reverse the denial of benefits and remand this case to the Secretary of Labor. On remand, the following determinations should be made: (1) Whether Armentrout can do his usual coal mine work or comparable and gainful work; and (2) If Armentrout is totally disabled, whether the employer has ruled out any causal connection between the total disability and Armentrout's coal mine employment. Unless one of these inquiries is answered affirmatively, the interim presumption of total disability due to pneumoconiosis will not be rebutted, and Armentrout will be entitled to benefits.
 
 
 15
 REVERSED AND REMANDED.